CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
The building of the Madison Female Academy having been destroyed by fire, except the walls, which were of brick and remained standing, the property was sold by the trustees of the institution, Thomas G. Little becoming the purchaser of the ground of the institution, which was sold, exclusive of the brick, at the price of three hundred and fifty-five dollars, and was conveyed to Little on the 7th of April, 1857; and the brick in the burned building, being separately sold as personal property, was purchased by E. L. Shackelford.
It appears that soon after the conveyance to Little he agreed to sell and convey the ground to Shackelford; but, being suddenly attacked by disease, died before this contract could be or was reduced to writing. The decedent left surviving him Nancy Little (since deceased), his widow, who became his administratrix, and the following heirs, viz., his daughters, Rosa J. Kennedy, who afterward intermarried with Thomas H. Embry, Lucy Little, who afterward intermarried with J. F. Harcourt, Bettie Little, and Mary Little, afterward the wife of John Taylor; also his two infant grandchildren, Robert E. Little, only child of his deceased son R. E. Little, and Margaret Little, the only child of his deceased son Samuel Little.
On the 25th day of May, 1857, and shortly after the death *309 of Thomas G. Little, his widow and administratrix and said four daughters, all then unmarried, and each acting as if of mature age, undertook to convey said lot to Shackelford for the consideration of three hundred and eighty dollars, the price T. G. Little had verbally agreed to accept, and executed their deed accordingly; but apparently recognizing the fact that their conveyance did not pass the entire title, they embodied in it a covenant binding “themselves that the minors” should confirm the sale and conveyance as they respectively arrived at “years of maturity.”
Afterward Shackelford sold the lot and brick which remained upon it to William Cuzick for five hundred and ninety-five dollars, and gave him a bond for a conveyance of the lot in fee-simple, with a general warranty of the title. Cuzick, who was a carpenter by trade, proceeded to rebuild the house upon the old walls, and after thus greatly enhancing the value of the lot gave it in exchange for other property occupied by R. G. Burton, and by arrangement between them and John A. Burton, the father of said R. G. Burton, who resided in a distant county, he assigned the bond of Shackelford to J. A. Burton.
It appears that R. G. Burton, as the tenant of his father, subsequently occupied and improved the property, and on the 13th day of December, 1862, Shackelford, as in compliance with his bond, conveyed the property to J. A. Burton.
This controversy, which is now for the second time in this ■ court, was commenced by R. E. Little after becoming of age, who, in his petition against said J. A. and R. G. Burton, Nancy Little, and said Embry and wife, Harcourt and wife, Taylor and wife, and Margaret Little (said Bettie Little having died in infancy as alleged), sought in the alternative either a division of the property in its improved condition or a sale of it and a division of its proceeds, and in either event an account of rents.
*310 Taylor and wife filed an answer seeking to avoid the deed to Shackelford both as to Mrs. Taylor and her deceased sister Bettie Little, on the ground that they were both infants when they united in the deed.
A trial of the cause in the court below resulted in a judgment in favor of R. E. Little and Taylor and wife for two fifths of the property, without compensation to Burton for the brick or other improvements in excess of the value of rents; and Margaret Little not being personally before the court, there was no adjudication as to her rights.
Burton having appealed from that judgment, it was reversed, except so far only as it determined the rights of R. E. Little and Mrs. Taylor to one fifth part each of the lot, exclusive of the brick, originally purchased by Shackelford, and the other improvements made by Cuzick and the Burtons, if those interests could be so laid off consistently with the rights of the parties; and as it did not then appear to be impracticable to so divide the lot, this court remanded the cause “ for further proceedings,” without deciding the question whether Robert E. Little, who did not join in the deed to Shackelford, might not be entitled to his share of the lot without accounting for improvements (other than the brick), if it should not be practicable to lay off his share without interference with the improvements.
On the return of the cause Margaret Little was brought before the court, and by her guardian asserted her claim to one fifth of the property as an heir of Thomas G. Little and Bettie Little, deceased.
It being ascertained by a commissioner’s report that a division of the lot could not be made without material injury to the rights of the parties, the court on final hearing adjudged, in effect, that Robert E. Little and Margaret Little were each entitled, as heirs of Thomas G. Little, deceased, to one sixth part of the property, including improvements, except the value *311 of the brick, fixed at nine hundred dollars; and that they, as heirs of Bettie Little, deceased, were also each entitled to one thirtieth part, subject to improvements made by Burton and his vendors, fixed at $2,908.10; and that Mary Taylor, as heir to her said father and sister, was entitled to one fifth part, subject to improvements estimated as aforesaid. And preparatory to a division of the proceeds of the property on the basis thus indicated the court ordered that the property be sold by a commissioner, which was done, and J. A. Burton became the purchaser at the price of $3,999.50, and the court confirmed the sale.
On this appeal, prosecuted by Burton from the judgment determining the rights of the parties, the correctness of the decision of the circuit court is questioned on several grounds, some of which are virtually disposed of by the former decision of this case, and others, being deemed unavailable, need not now be considered.
This court heretofore deoided, in effect, that Mary Taylor and the heirs of Bettie Little might avail themselves of the infancy of said Mary and Bettie for avoiding the deed to Shackelford, and that the two sixths of the lot which they so attempted to convey might be recovered, either specifically, if ■practicable, or by a sale of the property and an apportionment of its proceeds; but in either event it was not intended and is not now meant to be decided that the value of either of said shares in the lot should be enhanced by the brick or any improvements made by the Burtons or Cuzick, but that said recovery should simply embrace said two sixths of the lot at its fair present value, with such improvements only as were sold with it by Nancy Little and others to Shackelford.
In the former decision it was substantially determined that Robert E. Little and Margaret Little were entitled to one sixth of the lot each (exclusive .of the brick) as heirs of T. G. Little, and to equal interest with Mary Taylor as heir of Bettie *312 Little; but for reasons indicated in the opinion then delivered the question was not decided whether the infants, who did not unite in the execution of the deed to Shackelford, were, in the event that it should be impracticable to divide the lot, leaving to Burton the improvements, entitled to recover their equal shares as heirs of T. G. Little, as enhanced in value by 'the improvements.
It now becomes necessary to decide that question. It is contended for the appellant that in any disposition of the proceeds of the property he is entitled to compensation for improvements under section 1 of article 1 of chapter 70 of the Revised Statutes, which provides “that if any person, believing himself to be the owner by reason of a claim in law or equity, the foundation of which being of public record, hath or shall hereafter peaceably rent and improve any land, but which land shall upon judicial investigation be decided to belong to another, the value of the improvements shall be paid by the successful party to the occupant, or the pérson under whom and for whom he entered and holds, before the court rendering judgment or decree of eviction shall cause the possession to be delivered to the successful party.”
It is insisted, however, for the appellees that if the appellant was not expressly informed of the legal rights of R. E. and Margaret Little when he accepted the deed of Shackelford, the covenant in the deed from Nancy Little and others to Shackelford, that “the minors'should confirm” it, operated, constructively at least, to notify him of their interests, and that he does not therefore stand in an attitude to avail himself of the provisions of the statute. With reference to the question thus presented the construction of the statute is not free from difficulty, but upon careful consideration we have been led to conclude that the statute is not applicable to this case.
But while we recognize the principle as well settled and *313 sustained by authority that ordinarily, and except as to bona fide possessors, whose rights the statute was intended to protect, one tenant in common can not erect buildings or make other improvements on the common property and make his co-tenant liable for any part of their cost (1 Washburn on Real Property, 571; Barlow v. Bell, 1 Marshall, 246), yet the position of the appellant in this case with reference to the buildings and other improvements made by him and his vendors is such as to entitle him to the protection of a court of equity. According to the former decision of this case, the appellant was entitled to retain his improvements, if it was practicable to so divide the lot as to leave them in his possession without injury to the rights of the parties. This, it was ascertained, could not be done, and a sale of the entire property therefore became necessary, with a view to a division, which was alternatively sought by the appellees. The appellant does not now stand in the attitude of a plaintiff with reference to the proceeds of his improvements, seeking to compel his co-tenants to compensate him for part of their value; but in that of a defendant, asking only to retain in the division the enhanced value of the property (which was properly sold) arising from improvements, which never belonged to the appellees, and were mostly lawfully made by the appellant and his vendors as necessary to the enjoyment of their own interest in the property. As it is entirely practicable in the division of the proceeds of the property already sold and purchased by the appellant to give to the appellees, Taylor and wife, R. E. Little, and Margaret Little, the full and fair value of their respective shares of one fifth each of the lot at the time of the sale, estimating it independently and exclusively of the brick originally bought by Shackelford, and all other improvements and ameliorations made upon the lot by the appellant and his vendors, we know of no principle of equity which will entitle them to more, except rents accruing before the sale and interest *314 afterward; and we are of the opinion that the court should have adjusted the rights of the parties on this basis.
Wherefore the judgment is reversed, and th^f cause remanded with instructions to the court to ascertain the sums which may be due to each of the appellees, as herein indicated, and order its payment by the appellant according to the terms of the sale, allowing him to retain the residue of the price of the property secured by his bonds, and when such payment shall have been made to cause a proper conveyance of the property to be made.